# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CV 37

| | |
|---|---|
| TED J. OWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| DR. REDDY'S LABORATORIES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (# 10). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, this Court will recommend that Defendant's Motion for Judgment on the Pleadings be GRANTED.

**I.     Factual and Procedural Background**

On December 29, 2016, Plaintiff, proceeding pro se, initiated this action by filing a complaint in the Superior Court of Transylvania County, North Carolina. Plaintiff's complaint is based on products liability and negligence against Defendant. See Compl. (# 1-1). In particular, Plaintiff alleges the following: On March 9, 2006, Plaintiff was initially prescribed Imitrex 100 mg for headaches. Id. at 12.

On December 7, 2013, Plaintiff's physician, Dr. Minerva Pineiro, sent his prescription to Gordon's Pharmacy. Id. The prescription was filed with sumatriptan USP 100mg tablets, which was manufactured by Defendant. Id.

On December 17, 2013, Plaintiff suffered a migraine headache and took one 100 mg tablet

of the sumatriptan.  Id.  Plaintiff began experiencing chest pains, and he was evaluated at Transylvania Regional Hospital.  Id.  Plaintiff's lab tests were determined to be normal, and he was released.  Id.

On December 20, 2013, Plaintiff, again, suffered a migraine and took one 100 mg tablet of the sumatriptan.  Id. at 13.  Plaintiff began experiencing chest pains and went to the Emergency Room.  Id.  Plaintiff was advised that he was having a heart attack, and he was airlifted to Mission Memorial Hospital in Asheville, North Carolina.  Id.

Finally, Plaintiff alleges that all of his injuries are attributable to the sumatriptan.  Id.  In particular, Plaintiff contends that he has suffered permanent heart damage, and his quality of life will never be the same.  Id.  Plaintiff alleges that Defendant is liable under two theories:  products liability and negligence.  Id.

On February 1, 2017, this case was removed to the Western District of North Carolina from the Superior Court of Transylvania County, North Carolina.  On March 1, 2017, Defendant filed the instant Motion for Judgment on the Pleadings (# 10), in which it argues that it is entitled to judgment as a matter of law for two reasons.  First, Defendant argues that Plaintiff's complaint does not state a claim for relief.  Second, Defendant argues that plaintiff's claim involving generic pharmaceutical products is preempted by federal law.  On March 20, 2017, Plaintiff filed a Response (# 13) in opposition.  Defendant filed a Reply (# 14).  On April 6, 2017, Plaintiff filed a Sur-Reply (# 15).

On April 14, 2017, Defendant filed a Motion to Strike Plaintiff's Sur-Reply (# 16), on the basis that this Court's Local Rules does not permit a sur-reply without leave of court.  In light of Local Civil Rule 7.1, which requires leave of court prior to filing a sur-reply, this Court granted Defendant's motion.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court applies the same standard to a motion for judgment on the pleadings that is applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). PETA v. U.S. Dep't of Agric. 861 F.3d 502, 506 (4th Cir. 2017); Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). In both cases, the court views the facts and reasonable inferences in favor of the plaintiff. Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 702 (4th Cir. 2016); Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014).

A Rule 12(c) motion limits the court's review to the pleadings. A. S. Abell Co. v. Balt Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir. 1964). When the parties don't dispute their authenticity, the documents attached to pleadings may also be considered by the court. Unitrin Auto & Home Ins. Co. v. Siarris, No. 3:14-CV-50, 2015 WL 457630, at *2 (W.D.N.C. Feb. 3, 2015), aff'd, 615 F. App'x 164 (4th Cir. 2015). Judgment on the pleadings is proper when no set of facts would entitle the plaintiff to relief under his claim. Gibby v. Int'l Bus. Machines Corp., 155 F.3d 559, 1998 WL 454089, at *1 (4th Cir. 1998) (per curiam) (unpublished).

## III. Discussion

### A. Plaintiff fails to state a claim for relief.

Plaintiff's complaint has two counts: products liability and negligence. See Compl. (# 1-1). Each count of the complaint is supported by only one sentence. Id. at 8.

Count One, products liability, provides that "[m]anufacturers, distributors and sellers have a responsibility to the public to foresee potential risks and deliver products that are free from defects." Id. Count One is very broad and general in nature and does not even mention Defendant

3

or provide facts relevant to Plaintiff's case against Defendant.  See Compl. (# 1-1).

Count Two, negligence, states that Defendant "was negligent in not making sure that their product was free from defect, and thus causing the Plaintiff's injuries." Id. at 8. This claim fails to allege the elements of a negligence claim and merely consists of conclusory allegations. Because mere conclusory allegations carry no weight, Plaintiff's negligence claim must fail. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (noting that conclusory allegations in a complaint don't warrant an assumption of truth and should be accepted only to the extent that "they plausibly give rise to an entitlement of relief").  Notably, Plaintiff does not allege any specific product defect, which purportedly caused the harm he allegedly suffered.

In Plaintiff's Response, he adds more facts in an attempt provide additional support for his two claims.  Plaintiff also attaches an assortment of documents.[1]  Nothing in Plaintiff's Response alters the fact that Plaintiff's complaint is fatally flawed. In particular, while Plaintiff has technically pled enough facts to give fair notice of what his claims are, he has not adequately alleged the grounds for those claims as envisioned by Twombly and Iqbal.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (Although a complaint attacked for failure to state a claim does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citing Papasan v. Allain, 478 U.S. 265, 285 (1986)).

In sum, Plaintiff's factual allegations are not sufficient to raise the right to relief above the speculative level.  Therefore, Defendant is entitled to judgment on the pleadings.

    **B.**    **Plaintiff's state-law claims involving generic pharmaceuticals are preempted by federal law.**

---

[1] Plaintiff has included the following attachments: (1) a warning letter from the U.S. Food and Drug Administration to Mr. Satish Reddy, Chairman of Dr. Reddy's Laboratories Ltd. (Attachment One); (2) Plaintiff's laboratory results from Transylvania Regional Hospital dated December 17, 2013 and December 20, 2013 (Attachment Two); and (3) Plaintiff's echo study from Transylvania Hospital dated February 5, 2014 (Attachment Three).  See Resp. (# 13).

4

Although not express, Plaintiff does imply that sumatriptan is a generic pharmaceutical product that he was given for his Imitrex prescription. See Compl. (# 1-1) at 7. Defendant confirms that this is accurate. See Def.'s Mot. (# 11) at 6-7.

In PLIVA, Inc. v. Mensing, 564 U.S. 604 (2011), the plaintiff alleged claims against the generic manufacturer of metoclopramide, based on a state-law theory of failure to adequately warn of the risk of developing tardive dyskinesia, a severe neurological disorder. Id. at 608. The Supreme Court addressed the preemptive effect of the Federal Food, Drug, and Cosmetic Act ("FDCA") on state tort law for a generic pharmaceutical manufacturer and held that state-law tort claims involving generic drugs are preempted by federal law. Id. at 618.

Two years later, in Mutual Pharm. Co., Inc. v. Bartlett, 133 S. Ct. 2466 (2013), the Supreme Court determined that claims for design defect against a generic manufacturer, premised on flawed chemical compounds, proposed label changes, or failure to exit the market based on alleged risks of the drug in question, were each preempted by federal law. Id. at 2473. The Supreme Court noted that it was impossible for the manufacturer to comply with its duties under both federal and state law; thus, the state law was preempted. Id.

Consistent with the Supreme Court's holdings in Mensing and Bartlett, state-law claims for negligence and products liability against a generic manufacturer are foreclosed because they are regulated by the federal government. Therefore, state law is preempted by federal law and cannot serve as the basis for liability against Defendant.

In sum, Plaintiff's claims against Defendant, a generic pharmaceutical manufacturer, are preempted by federal law. See Drager v. PLIVA USA, Inc., 741 F.3d 470, 470 (4th Cir. 2014) (affirming trial court's dismissal of all claims, including negligence and design defect, against generic drug manufacturer as preempted by federal law). Consequently, Defendant is entitled to

judgment on the pleadings.

## IV. Conclusion

In light of the foregoing, the Court RECOMMENDS that Defendant's Motion for Judgment on the Pleadings (# 10) be GRANTED, and this case be dismissed.

Signed: December 13, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).