# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00037-MR-DLH

| | |
|---|---|
| TED J. OWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DR. REDDY'S LABORATORIES, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Response to the Memorandum and Recommendation" [Doc. 20], which the Court construes as both a motion for extension of time and a motion to amend.

On December 13, 2017, the Magistrate Judge entered a Memorandum and Recommendation regarding the disposition of the Defendant's Motion for Judgment on the Pleadings. [Doc. 19]. The parties were advised that they had a period of fourteen (14) days in which to file any objections to the Memorandum and Recommendation. On December 27, 2017, the *pro se* Plaintiff filed a pleading entitled "Response to the Memorandum and Recommendation." [Doc. 20].

In his pleading, the Plaintiff indicates that he objects to the Magistrate Judge's recommendation to dismiss this case but he requests an extension

of time to file such objections.  The Plaintiff also requests leave to amend his complaint in order to "state a claim for relief and revise my products liability and negligence [claims]." [Doc. 20 at 1].

The Plaintiff's request for leave to amend his Complaint is denied.  The Plaintiff had twenty-one days from the filing of the Defendant's motion for judgment on the pleadings to file an amended complaint as of right and to address any pleading deficiencies identified by the Defendant in its motion.  See Fed. R. Civ. P. 15(a)(1)(B).  Despite having the unilateral right to do so, the Plaintiff failed to amend his Complaint within the time required. Having failed to amend his pleading and to address the deficiencies identified by the Defendant, the Plaintiff left the Court with no option but to address the Defendant's motion on its merits. In so doing, the Magistrate Judge engaged in a thorough analysis of the Plaintiff's claims and the factual allegations made in support thereof. The Plaintiff cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend his Complaint.  See Kotsias v. CMC II, LLC, No. 1:15-CV-00242-MR-DLH, 2016 WL 7384594, at *1 (W.D.N.C. Dec. 20, 2016); Bailey v. Polk County, No. 1:10cv264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011).  Accordingly, the Plaintiff's request to amend his Complaint is denied.  The Court will,

however, permit the Plaintiff a brief extension of time in which to file his objections to the Memorandum and Recommendation.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Response to the Memorandum and Recommendation" [Doc. 20], which the Court construes as both a motion for an extension of time and a motion to amend, is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Plaintiff's motion for an extension of time is **GRANTED**, and the Plaintiff shall have through and including **January 26, 2018**, within which to file objections to the Memorandum and Recommendation. The Plaintiff's motion to amend his Complaint is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 8, 2018

Martin Reidinger
United States District Judge