# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00037-MR-DLH

| | |
|---|---|
| TED J. OWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| DR. REDDY'S LABORATORIES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Reconsideration [Doc. 27].

## I.  PROCEDURAL BACKGROUND

The Plaintiff commenced this action on December 29, 2016, by filing a Complaint in the General Court of Justice, Superior Court Division, for Transylvania County, North Carolina.  In his Complaint, the Plaintiff asserts claims of products liability and negligence against the Defendant Dr. Reddy's Laboratories based on injuries he allegedly suffered after using the Defendant's pharmaceutical product.  [Doc. 1 at 11-15].

This case was removed to this Court on February 1, 2017.  [Doc. 1]. On March 1, 2017, the Defendant filed a Motion for Judgment on the

Pleadings. [Doc. 10]. In its Motion, the Defendant argued that the Plaintiff's Complaint failed to state a claim for relief and that the Plaintiff's claim involving generic pharmaceutical products is preempted by federal law. [Id.]. The Plaintiff opposed that motion. [Doc. 13].

On December 13, 2017, the Honorable Dennis L. Howell, United States Magistrate Judge, issued a Memorandum and Recommendation recommending that the Defendant's Motion should be granted and that the Plaintiff's Complaint should be dismissed. [Doc. 19]. On December 27, 2017, the Plaintiff filed a pleading seeking leave to file an amended complaint and referencing a death in his family. [Doc. 20]. On January 8, 2018, this Court denied the Plaintiff's request to amend his Complaint but granted the Plaintiff until January 26, 2018, to file objections to the Memorandum and Recommendation. [Doc. 22].

On January 12, 2018, the Plaintiff filed a pleading entitled "Addendum Defective Product Liability Claim." [Doc. 23]. The Court order this pleading to be stricken on January 22, 2018, because it appeared to be an attempt to amend the Complaint in direct contravention of the Court's prior Order. [Doc. 24]. The Plaintiff took no further action that was allowed by the Court within the extension of time the Plaintiff had been granted. Thus, the Plaintiff lodged no objection to the Memorandum and Recommendation of the

Magistrate Judge. Therefore, on February 2, 2018, the Court accepted Judge Howell's Memorandum and Recommendation and dismissed this case with prejudice. [Doc. 25]. On March 5, 2018, the Plaintiff filed the present Motion for Reconsideration. [Doc. 27].

II.     ANALYSIS

Rule 60(b) of the Federal Rules of Civil Procedure allows the Court "[o]n motion and just terms [to] relieve a party or [his] legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  In addition to meeting one of the subsections of Rule 60(b), a litigant seeking to set aside a judgment also must establish that he has a meritorious claim or defense to the action and that there would be no unfair prejudice to the nonmoving party by having the judgment set aside.  See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1998).  Rule 60(b) "provides for extraordinary relief and is only to be invoked upon a showing of exceptional circumstances."  United States v. Jones, 42 F. Supp. 2d 618, 620 (W.D.N.C. 1999).

The Plaintiff has failed to establish that any such "exceptional circumstances" exist here.  The Plaintiff has failed to show that he has a meritorious claim, and he has failed to state any facts that would warrant relief from judgment under any of the provisions of Rule 60(b).  Particularly, he has still not alleged any defect in the Defendant's product, but only that the package insert for the drug in question was changed after the manufacture of the particular drug the Plaintiff ingested.  [Doc. 27 at 2].  Finally, the Plaintiff has not shown that the Defendant would not suffer any unfair prejudice by having the judgment set aside.  For all of these reasons,

the Plaintiff's Motion for Reconsideration does not come within the purview of Rule 60(b) and therefore must be denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Reconsideration [Doc. 27] is **DENIED**.

**IT IS SO ORDERED**.   Signed: March 29, 2018

Martin Reidinger
United States District Judge